O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL CULROSS, an individual; MAKI HIRANO, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC dba MR. COOPER; BARRET DAFFIN, FRAPPIER, TREDER & WEISS, LLP; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case №: 2:19-cv-04101-ODW (AGR)<br><br>**ORDER GRANTING MOTION TO REMAND [9]** |

## I. INTRODUCTION

On March 27, 2019, Plaintiffs Michael Culross and Maki Hirano ("Plaintiffs") filed this action alleging three causes of action for dual tracking, wrongful foreclosure, and unfair business practices in the Superior Court of California for the County of Los Angeles. (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Defendant Nationstar Mortgage LLC doing business as Mr. Cooper ("Nationstar") removed this matter based on federal diversity jurisdiction. (*See* Notice of Removal ¶ 3, ECF No. 1.) Plaintiffs move to remand. (Mot. to Remand ("Mot."), ECF No. 9.) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to

state court.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a dispute regarding a real property loan on Plaintiff's residence located at 815 Magnolia Street, South Pasadena, California 91030. (Compl. ¶¶ 1, 15.) On March 27, 2019, Plaintiffs brought this action against Defendants Nationstar Mortgage LLC ("Nationstar") and Barret, Daffin, Frappier, Treder & Weiss, LLP ("Barret Daffin") (collectively, "Defendants"). (Compl. ¶¶ 4–5, 7.)

On May 6, 2019, Barret Daffin filed a declaration of non-monetary status pursuant to California Civil Code § 2941(a). (Notice of Removal Ex. 3.) Barret Daffin, "knows or maintains a reasonable belief that it has been named as a defendant solely in its capacity as a substitute trustee under said Deed of Trust and that plaintiffs' do not assert any legally viable claims against Defendant [omitted]." *Id*. at 2. A valid non-monetary declaration would not require Barret Daffin to participate any further in the action or proceeding. Cal. Civ. Code § 2924l(d).

On May 10, 2019, Nationstar removed this action based on federal diversity jurisdiction. (Notice of Removal ¶¶ 3, 5–13.) Nationstar states it is a citizen of Delaware and Texas for purposes of diversity jurisdiction. (*Id*. ¶ 8.) Plaintiffs are domiciled in California, thus are citizens of California for purposes of diversity jurisdiction. (*Id*. ¶ 7.) Plaintiffs claim damages "in the amount of no less than $100,000.00." (*Id*. ¶ 12.)

On May 26, 2019, Plaintiffs filed a motion to remand claiming the amount in controversy does not exceed $75,000 to satisfy diversity jurisdiction. (Mot. 2.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

### IV. DISCUSSION

Nationstar invokes diversity jurisdiction as grounds for this Court's subject matter jurisdiction. (Notice of Removal ¶¶ 3, 5–13.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Accordingly, this Motion turns on whether complete diversity exists.

Nationstar believes it has satisfied the requirements for removal. (Notice of Removal ¶¶ 3, 5–13.) Nationstar claims that Plaintiffs are both citizens of California, and Nationstar is a citizen of Delaware and Texas. (Notice of Removal ¶¶ 7–8.)

In Plaintiffs' Motion, they argue the Court does not have subject matter jurisdiction because the other defendant to this matter, Barret Daffin, is a California citizen, thus destroying complete diversity. (Mot. 5.) Nationstar argues that Barret Daffin is a nominal or fraudulently joined defendant, and the Court should disregard its citizenship. (Opp'n to Mot. 6, ECF No. 10.) Thus, the issue is whether the Court should ignore Barret Daffin's citizenship for purposes of diversity jurisdiction.

### A. Whether Barrett Daffin is a Nominal Defendant.

A trustee under a deed of trust is able to declare non-monetary status if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a).

"'District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes.' *Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM JCX, 2015 WL 331114, at *6 (C.D. Cal. Jan. 26, 2015) (quoting *Silva v. Wells Fargo Bank NA.*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011)).

Nationstar argues Barret Daffin timely filed its declaration of non-monetary status. (Opp'n 3.) Removing defendants must show that diversity of citizenship existed at the time of removal. *Silva*, 2011 WL 2437514, at *4 (citing *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153, at *1 (N.D. Cal. Apr. 18, 2011)).

A party filing a declaration of non-monetary status does not become a nominal party unless fifteen days have passed without an objection by the opposing party. *Jenkins*, 2015 WL 331114, at *6. In the event that no objection is served within the fifteen-day period, the trustee shall gain its status as a nominal defendant. Cal. Civ. Code § 2924l(d).

Courts will not ignore the "nominal" party's citizenship when assessing diversity jurisdiction when a case is removed to federal court prior to fifteen days of the filing of the Declaration of Non-Monetary Status. *Jenkins*, 2015 WL 331114, at *7; *See Wise*, 2011 WL 1466153, at *4 (finding that trustee was not a nominal party for purposes of diversity jurisdiction where action was removed four days after trustee filed a declaration of non-monetary status) *and see Silva*, 2011 WL 2437514, at *4

(finding at the time of removal trustee had not become a nominal party from its declaration of non-monetary status because defendants filed their notice of removal six days after a declaration of non-monetary status had been filed.)

Here, Barret Daffin filed its declaration of non-monetary status on May 6, 2019. (Notice of Removal Ex. 3.)  Nationstar made its motion to remove this action on May 10, 2019.  (Notice of Removal 7.)  Only four days passed from when the declaration of non-monetary status was filed and Nationstar's removal.  Thus, Barret Daffin did not gain nominal defendant status when Nationstar removed the case.

**B.     Whether Barret Daffin is a Nominal Defendant**

Nationstar further argues that irrespective of the declaration, Barret Daffin is still a nominal defendant and cannot affect diversity. (Opp'n to Mot. 3, ECF No. 10.)

Courts will ignore the citizenship of a nominal party where they do not have an interest in the action and are only joined to perform the act of conveying title. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).  Trustees are often deemed nominal parties. *Gomez v. Mortg. Elec. Registration Sys., Inc.*, No. CV 17-8451 GW(PLAX), 2018 WL 1918513, at *3 (C.D. Cal. Apr. 16, 2018) *citing see Osorio v. Wells Fargo Bank*, No. C 12–02645–RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012).  However, trustees are not nominal parties where a complaint contains substantive allegations or seeks to recover money damages from the trustee.  *Id*.  Courts have remanded foreclosure actions where there were allegations the trustee violates specific statutes. *See Mulleneaux v. Wells Fargo Bank, N.A.*, No. CV–17–00780–BRO, 2017 WL 2604249, at *5 (C.D. Cal. June 15, 2017) (plaintiff brought substantive violations against trustee, including violations of Cal. Civ. Code § 2923.55 and 2923.6(e), thus the trustee was not a nominal defendant to the action.)

Here, Plaintiffs' allege, "[d]efendants Nationstar and Barret Daffin began the foreclosure process on the Subject Property… in violation of their Agreements with Plaintiff, and in violation of California law." (Compl. ¶ 57[sic].)  Wrongful

foreclosure is a violation of the California Civil Code alleged against Nationstar and Barret Daffin. Thus, Barret Daffin is not a nominal defendant to the action and the Court cannot ignore its citizenship for purposes of diversity jurisdiction

**C.     Whether Barret Daffin was Fraudulently Joined to the Action**

Complete diversity of citizenship is required to remove an action to federal court, except for "where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Courts recognize a strong presumption against fraudulent joinder, which must be "proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Consequently, the standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018); *see also Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder."). Thus, remand is necessary "[i]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint." *Revay*, 2015 WL 1285287, at *3 (internal quotation marks omitted); *see also Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (alteration

in original) ("[I]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 549–50.

Nationstar argues that, "[d]ue to Barret Daffin's limited involvement as the foreclosure trustee and due to the fact that it would not face any individual liability should Plaintiffs prevail in their action, this Court should find that Barret Daffin is a nominal defendant that was fraudulently joined for diversity purposes." (Opp'n to Mot. 6, ECF No. 10.) Earlier this year, this district held that,

> If Plaintiff succeeds in demonstrating conspiracy liability as to Barrett Daffin, it would 'incur[ ] tort liability co-equal with the immediate tortfeasors,' *i.e.*, Wells Fargo. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). Thus, even if Plaintiff did not prevail on the direct claims against Barrett Daffin, liability for conspiracy would make Barrett Daffin a 'real' defendant, rather than a nominal or sham one.

*Hamala v. Wells Fargo Bank, N.A.*, No. LACV1900006JAKRAOX, 2019 WL 1976435, at *6 (C.D. Cal. May 2, 2019).

Here, Plaintiffs allege that, "defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein." (Compl. ¶ 12.) Thus, precedence in this district shows that Plaintiffs have made sufficient allegations to defeat a claim of fraudulent joinder of trustee Barret Daffin to this action. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1064 (C.D. Cal. 2012).; *Sung v. Bank of Am., N.A.*, No. 5:16-CV-1797-FMO-KKX, 2016 WL 4820613 (C.D. Cal. Sept. 14, 2016); *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344 (N.D. Cal. Sept. 4, 2015); *Alabastro v. Wells Fargo Bank, N.A.*,

No. 5:14-CV-03469-EJD, 2015 WL 138235 (N.D. Cal. Jan. 9, 2015); *Daniels v. Wells Fargo Bank*, N.A., No. 2:12-CV-5289-PSG, 2012 WL 10649202 (C.D. Cal. Sept. 11, 2012).

Nationstar has not met its burden of proving the Court has subject matter jurisdiction over the matter. Barret Daffin is not a fraudulent defendant, and the Court cannot ignore its citizenship. Barret Daffin and Plaintiffs are all citizens of California, thus complete diversity is not satisfied. Accordingly, the Court lacks subject matter jurisdiction.

The Court will not discuss the other arguments made by Plaintiffs in their motion.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of California for the County of Los Angeles, Case No. 19STCV02868 located at 111 North Hill Street, Los Angeles, California 90012. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

September 13, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**